## WARD, Adm'r, *vs*. OATES, Adm'r.

[APPLICATION TO PROBATE COURT TO REVOKE LETTER OF ADMINISTRATION.]

1. *Foreign will; what requisite to probate of.*—A will, made by a person having his domicil and residence in the State of Texas, which has been properly admitted to probate there, may be admitted to probate in this State, upon a properly certified transcript of the record of the will, and the probate thereof, from the proper court in Texas.

2. *Same.*—When such will is so admitted to probate in this State, no notice of the proceeding is required to be given the widow, or next of kin, of testator. The transcript of the record of the probate of the will in Texas, properly certified and attested, is all that is needed to authorize the probate of the will, in the proper court in this State.

3. *Same; jurisdiction of probate court.*—After such foreign will is so admitted to probate in this State, in a county in which the testator has property, the judge of probate of such county may appoint an administrator of the estate, in this State, as in cases of intestacy, if no executor is named in the will.

4. *Same.*—If none of those persons entitled to administration on such estate apply to be appointed administrator thereof, within forty days after the death of the testator is made known, the judge of probate of the county in which the will is probated, in this State, may appoint any fit person to administer the estate.

APPEAL from the Probate Court of Henry.
Tried before the Hon. J. B. APPLING.

THIS is an application, by William C. Oates, as the administrator, *cum testamento annexo*, of the estate of William J. Ward, deceased, late of the county of Polk, in the State of Texas, in the court of probate of Henry county, in this State, for an order for the distribution of the estate of said Ward, deceased, in this State. The petition was filed on the 21st day of September, 1867, and set for hearing on the 28th day of October, 1867. During the pendency of this application, John J. Ward, as the administrator of the estate of James Ward, deceased, on the 7th day of December, 1868, moved said court of probate of said county of Henry, in which said application was pending, to revoke, vacate, set aside, and annul the letters of admin-

istration, *cum testamento annexo*, issued to plaintiff in said petition, (said Oates), on the estate of William J. Ward, deceased, and also to set aside and annul the order of said court, admitting the supposed will of said William J. Ward to record in said probate court of Henry county ; and also to annul said record, in said probate court of Henry county, of said supposed will. Due notice was given to said Oates of this motion.

On the hearing, the motion was refused and overruled ; thereupon, said John J. Ward, administrator as aforesaid, appealed to this court, and here assigns for error, the overruling of said motion.

From the bill of exceptions, taken on the trial of the motion in the court below, it appears that William J. Ward died in the State of Virginia, in the year 1861, and that at the time of his death, he was a resident citizen and inhabitant of the State of Texas; that his home and domicil was in the county of Polk, in said State of Texas, where he had a wife living, who survived him ; that he left no child. At his death he had debts owing to him in said county of Henry, in this State, to the amount of near $10,000 ; and after his death, an instrument in writing, bearing date November 12th, 1861, purporting to be his last will and testament, was propounded, proved, and admitted to probate and record in said county of Polk, in said State of Texas. This was done in November, 1862. A copy of this will, so proved and admitted to record in said State of Texas, and the probate thereof, properly certified as required by law, with proper and legal authentication, was admitted to probate and record in said county of Henry, in this State, in the year 1866 ; and thereupon, on the 6th day of December, 1866, letters testamentary, *cum testamento annexo*, were granted and issued by the judge of probate of said county of Henry to William C. Oates, appellee in this case, on the estate of said William J. Ward, deceased, in this State, to be administered ; whereupon said Oates gave bond as such administrator, and undertook and commenced the administration of said estate of said William J. Ward, deceased. It is also shown that no notice was given by said Oates to the widow or next of kin, or heir-at-law of

said William J. Ward, deceased, or to any person interested in said estate, of his application to admit to probate and record, in said court of probate of Henry county, the said paper in writing, as the last will and testament of said William J. Ward, deceased; and said widow, next of kin, and persons interested therein, had no notice thereof. Said will, as proved and recorded in Texas, was admitted to probate and record in said county of Henry, solely upon the transcript of the record of the same, as it is found of record in the county of Polk, in the State of Texas, so certified and authenticated as aforesaid. Said transcript is in due form, and contains all the requisites demanded by § 1949 of the Revised Code of Alabama. There was no executor named in said will. Said Oates was not of kin to said William J. Ward, deceased.

J. L. PUGH, for appellant.
W. C. OATES, *pro se.*

[No briefs came into the hands of the reporter.]

PETERS, J., (after stating facts as above).—Notwithstanding said William J. Ward died out of this State, it was competent to have his will admitted to probate and. record in this State, upon proper proof that it had been duly proved in the State of the residence and domicil of the testator. All the proof necessary in such a case, when the will had been admitted to probate and record out of this State, but within the United States, is the production, in the court here, of said will, or a copy of the same, and the probate thereof, certified by the clerk of the court in which said will had been proved, with the certificate of the judge, or one of the judges, of such court, that the attestation is genuine, and by the proper officer. All this may be shown by a transcript of the probate and record of such will, in the court of the State where the same was done and properly authenticated, as required by law. The same force and effect is to be given to such a transcript here, as would be given to the original proceeding in the State of Texas. This appears to have been done in this

instance. Nothing more was required.—Revised Code, § 1949, cl. 1; Const. U. S., Art IV, § 1, Rev. Code, p. 18.

After such will is so admitted to probate and record in the proper court of this State, it needs no other proof of its validity. The same faith and credit are then to be given to it here, as would be given to the same proceeding in the State and courts of Texas. This gives it the full force of a will proven and admitted to probate in the State of Texas. And the judge of probate of the county in which such will is so probated in this State, if there are assets of the testator in such county to be administered, has authority to issue letters testamentary thereon, according to the provisions of the Code on this subject. And, in case no person is named in said will as executor, or if the persons entitled to administer on such estate, fail, for forty days, to apply for letters testamentary, then letters may be issued as letters of administration granted in cases of intestacy.—Revised Code, §§ 1975, 1976, 1982, 1983.

Letters of administration are to be granted in the following order: 1. To the husband or widow, if citizens of this State. 2. To the next of kin entitled to share in the distribution of the estate. 3. To the largest creditor of the intestate residing within this State. 4. To such other person as the judge of probate may appoint. But if any of the preferred persons fail to apply for letters within forty days after the death of the intestate is known, they must be held to have relinquished their right to the administration.—Rev. Code, §§ 1986, 1987.

The facts show that William J. Ward died in 1861, and that Oates was appointed administrator, *cum testamento annexo*, of his estate, in this State, in Henry county, on the 6th day of December, 1866, near four years after the death of the testator. This brought his appointment fully within the provisions of the Revised Code above cited, which is but a copy of the old Code. The appointment was, therefore, proper, and ought not to have been revoked.

The will of William J. Ward, deceased, seems to have been properly propounded, proved and admitted to record in the State of Texas, and a properly authenticated transcript, or copy of the record of said will, so proved and ad-

mitted to probate in Texas, is entitled to be admitted to probate and record in this State; and the validity and authentication of the will thus proved and recorded in Texas, cannot. be impeached in the manner here proposed.— *Bradley v. Broughton*, 34 Ala. 694; *Coltart v. Allen*, 40 Ala. 155. The probate court of Henry county, therefore, properly overruled the motion of the appellant in the court below.—*Sims v. Boynton*, 32 Ala. 353.

Let the judgment of the probate court be affirmed, at the appellant's costs.