15 So.2d 909

## CASSADY v. DAVIS et al.

### 4 Div. 286.

Supreme Court of Alabama.

Dec. 16, 1943.

H. Grady Tiller, of Dothan, for appellant.

Carnley & Carnley, of Elba, for appellees.

STAKELY, Justice.

On August 5, 1929, C. C. Holley died intestate, leaving as his sole heirs and next of kin his wife, Mary E. Holley, and his daughter, Mrs. C. B. Cassady (appellant), who was at the time over the age of twenty-one years. Subsequently, certain farm lands in Coffee County, Alabama, which is the property involved in this suit, together with an undivided one-half interest in a lot in Samson, Alabama, were set apart to Mary E. Holley out of her husband's estate as a homestead exemption. This was done by decree of the probate court of Geneva County, Alabama. The title, if any, of appellees to the farm lands arises by virtue of a deed executed by Mary E. Holley which purports to convey a fee simple title. Mrs. C. B. Cassady (appellant) contends (1) that a correct interpretation of the probate decree vested only a life estate in the farm lands in her mother, Mrs. Mary E. Holley, or (2) if this interpretation be rejected, then the probate decree is void because of fraud perpetrated by her mother in its procurement, and (3) the probate court had no jurisdiction to set apart the homestead exemption to her mother because prior to the decree creating it, administration of the estate of her father had been finally settled.

The foregoing questions are presented by the ruling of the lower court in sustaining demurrers to the bill and dismissing the bill. The case is here on appeal from that decree.

Under the material averments of the bill, the petition of Mary E. Holley, filed in the probate court to have the homestead exemption set apart to her, contained the following allegation: "That at the time of his death the said C. C. Holley, Sr., owned no real estate in area sufficient for a homestead exemption to her, but was seized and possessed of the following lands situated in Coffee County, Alabama, which does not exceed in area 160 acres of land and in value $2000, namely."

Then follows in the petition a description of 159 acres of land located in Coffee County, Alabama, and also "lot No. 9 in Block No. 1 of the Snead's Addition to the town of Samson, Geneva County, Alabama, being a ½ interest only in said lot of land." The petition also contained the following: "Your petitioner hereby selects for herself the above described premises as exempt from administration and sale for the payment of debts as provided by Section 7919, Code 1923."

According to the bill, the commissioners made their report to the probate court, in part, as follows: "We set apart and allot to said Mary E. Holley * * * the

premises occupied as a home at the time of the death of the deceased and described as follows, to-wit:"

Here follows a description of the property consisting of 158 acres in Coffee County, valued at $800, and an undivided one-half interest in the lot in Samson, Alabama, valued at $400, "the said premises containing in area 159 acres."

On September 22, 1930, the probate court rendered a decree confirming the report of the commissioners and setting aside as a homestead to Mary E. Holley the real estate described in her petition and in the report of the commissioners, but limiting her interest to a life estate. The decree contained the following recital: "That there is not a sufficient amount of lands where deceased lived to carve a homestead exemption."

The original bill of complaint in the case at bar was filed on April 15, 1941.

The bill alleges that "at the time of his death, C. C. Holley owned an undivided one-half interest in a lot and dwelling in the town of Samson in and upon which he and his family resided on and prior to said date." Accordingly, it is insisted by the appellant that Mary Holley could not claim as a part of her homestead the 158-acre tract of land located several miles from town and in an adjoining county and which was not used in his lifetime in connection with his homestead. It is contended that either Mary Holley intended her petition to cover her homestead in the town lot and her dower interest in the farm lands or that if that was not her intention, she perpetrated a fraud upon the court and appellant. We cannot sustain either insistence. We shall consider the contentions separately.

■ It appears from the bill that Mary Holley was appointed administratrix of the estate of C. C. Holley September 14, 1929, and according to the decree of the probate court, which was attached as Exhibit D to the bill, the estate had been declared insolvent prior to September 22, 1930, the date of the decree.

Section 7934 of the Code of 1923, Code 1940, Tit. 7, § 677, required notice to the next of kin of the report of the commission setting apart the exemption. Section 5998, Code 1940, Tit. 61, § 385, required notice to all persons interested in the estate of the filing of the report of insolvency. There is no allegation

in the bill that appellant did not have the notices provided by law. It must therefore be assumed that complainant had notice that her mother had sought to have these lands set aside to her as a homestead exemption, and had notice that it was ascertained that decedent had no homestead exempt at the time of his death. It must also be assumed that appellant had notice that the report of the commissioners had been confirmed, that complainant had notice of the insolvency of her father's estate and that the homestead had been set aside to her mother.

■ Appellant filed no exception to either report and took no steps to resist either report. She had her day in court and is accordingly bound by the decree of the probate court. It plainly states that Mary E. Holley is allowed a homestead in the lands of the estate. The petition contained every allegation necessary to give the probate court jurisdiction. Since the decree, therefore, is not void on its face, it cannot be here collaterally assailed. Jenkins v. Clisby, 145 Ala. 665, 39 So. 735.

■ The decree of the probate court, therefore, was not open to the interpretation that it was intended by the decree to ascertain the dower rights of Mary E. Holley in the farm lands and not to set them apart as her homestead. The recital in the decree of the limitation purporting to limit the homestead to a life estate does not change the situation. The estate of C. C. Holley had been declared insolvent according to the decree. See §§ 7918 and 7919, Code of Alabama 1923, Code 1940, Tit. 7, §§ 661, 662.

"If it be conceded that the jurisdiction of the probate court extended no further than to confirm the report of the commissioners setting apart the property, and to declare that result, it is clear that the decretal statement that the title was vested in the widow in fee simple was mere surplusage, unnecessary, it is true, but in no wise affecting the validity of the decree. As matter of law, when a valid decree of allotment is made, the statute operates automatically upon the title and immediately vests it in fee simple in the widow." Headen v. Headen et al., 171 Ala. 521, 527, 54 So. 646, 648.

The second aspect of the bill is based upon fraud, that is, that the widow in her petition alleged in conformity to Section 7919 of the Code of 1923, Section 662, Title 7, Code 1940, that the decedent at the time

of his death had no homestead exempt to him from levy and sale under process. The bill alleges, as matter extraneous to the probate proceedings, that the decedent did own a homestead in the town of Samson which he occupied at the time of his death. It is insisted that since decedent did own a homestead at the time of his death, the allegation in effect that he did not so own a homestead is false and constitutes a fraud on the court and on appellant.

■ As we have pointed out, appellant had notice of the proceedings in the probate court. She has every opportunity in 1929 to protest and defend against the very thing of which she complains in 1941. The bill shows that C. C. Holley resided with his family on the lot in Samson at the time of his death. Construing the bill against the pleader, appellant, then as now, was the only child and was residing on the lot as a member of her father's family. At any rate, there is nothing to show that she did not know where her father was residing at the time of his death. It is fundamental that complainant, in seeking to impeach the decree of the probate court for fraud, must show due diligence. The bill negatives that diligence which must be alleged in a case of this kind. Benton v. Benton, 214 Ala. 321, 107 So. 827; Evans v. Wilhite, 167 Ala. 587, 52 So. 845.

■ Furthermore, the bill, which, in this phase, is a bill in the nature of a bill of review, was not filed until February 15, 1941. The probate decree was entered September 22, 1930. The bill was filed too late. The statute of limitations for a bill of review will by analogy be applied to a bill in the nature of a bill of review.

"It has been declared that, by analogy to the statute of limitations for bills of review, no special features appearing, the limitation is fixed at three years, subject to the statute giving one year after discovery of the fraud. Quick v. McDonald, 214 Ala. 587, 108 So. 529, 532.

See also Wilkerson v. Wilkerson, 230 Ala. 567, 572, 161 So. 820.

■ But appellant would have us excuse the long delay in filing the present bill. It is insisted that appellant could not be deemed guilty of laches for not filing her bill sooner, because it is claimed the appellant's interest in the lands is subject to the life estate, the dower rights therein of her mother, and while appellant had the right to institute the proceedings, it was not obligatory, since the statute of limitations does not run against the remainderman during the existence of the life estate.

But the record in the probate court purported to pass the fee to Mrs. Holley and the basis of the alleged fraud is dehors the record. In speaking of the duty of a remainderman to free himself of laches under these circumstances, the Supreme Court of Alabama said: "The principle is distinguishable from one which applies when the life tenant undertakes to convey the remainder, but it does not have that effect because the chain of title shows that he only has and can only convey a life estate. A remedy under such circumstances by the remainderman to clear the situation is available but not obligatory, because the public need not be misled. Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Teal v. Mixon, 233 Ala. 23, 169 So. 477. But we are not willing to apply that principle to a situation where the records and chain of title are all such as that they not only purport to pass the entire fee and all interests, but taken alone in fact do so, and when the only matter which will create a different result is collateral, not shown or suggested by the chain of title, nor public records judicially known, or to which the record refers." Ussery et al. v. Darrow et al., 238 Ala. 67, 188 So. 885, 889.

■ Furthermore, it is contended that the probate court ceased to have any further jurisdiction over the estate and lost all power to render its decree because prior to the rendition of the decree the administration had been finally settled and the administrator discharged. Miles v. Lee et al., 180 Ala. 439, 444, 61 So. 915. Exhibits attached to bill show rendition of the decree setting apart the homestead exemption on September 22, 1930, appointment of Mary E. Holley as administratrix of the estate of C. C. Holley, deceased, on September 14, 1929, and final settlement of her administration on May 15, 1930.

But there is no allegation in the bill showing that all of the proceedings in the probate court are set out in the bill or made a part of the bill as exhibits. Then, too, the allegations of the bill show that the estate of C. C. Holley, deceased, had been duly declared insolvent as provided by law. Accordingly, for aught appearing in the bill, Mary E. Holley made a final settlement of her administration under Ar-

ticle 27, Chapter 253 of the Code of Alabama of 1923, Code 1940, Tit. 61, § 381 et seq. For aught appearing in the bill, the administration of the estate was not closed and an administrator had been appointed on nomination by creditors of the estate under Article 28, Chapter 253 of the Code of Alabama of 1923, Code 1940, Tit. 61, § 393 et seq., and so administration of the estate was still pending on September 22, 1930, when the decree of the probate court confirming the report of the commissioners was made.

However, if all the records of the probate court should show that the decree setting apart the homestead was entered after the estate was finally closed, then in order that the rights of the parties may be correctly determined, we call attention to the fact that the probate court has the power to expunge the decree from its records.

"When the records of a court show that one of its judgments is void, the court rendering such judgment will expunge such judgment from its records at any time." Hynes et al. v. Underwood et al., 191 Ala. 90, 67 So. 994, 995.

The bill was subject to demurrer and the decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.