554

59 So.2d 801

**FREEMAN et al. v. STEELE et al.**

6 Div. 324.

Supreme Court of Alabama.
March 13, 1952.

Rehearing Denied June 27, 1952.

Earney Bland and H. A. Entrekin, Cull-
man, for appellants.

McEniry, McEniry & McEniry, Bes-
semer and Rosenthal & Rosenthal, Bir-
mingham, for appellees.

STAKELY, Justice.

This suit was commenced by the filing of a statutory bill to quiet title by Olen Steele (appellee) against Willie H. Freeman and others (appellants), the heirs at law. of Y. W. Freeman, deceased, who owned the lands involved in this case at the time of his death in 1931. The land lies in Cullman County, Alabama, and aggregates about 142 acres. The respondents filed a cross-bill alleging that they are tenants in common of the land with Olen Steele, detailing the alleged chain of title whereby such relationship was created and asking for sale for division. Demurrer was interposed to the cross-bill which the lower court overruled except as to the allegations of fraud contained therein. An appeal was taken to this court from that ruling, the case being reported as Steele v. Freeman, 250 Ala. 336, 34 So.2d 139. This court upheld the ruling on the aforesaid appeal. Upon remandment to the lower court the cross-complainants amended the cross-bill to meet the ruling of the court. After hearing the evidence the court entered a final decree quieting the title to a part of the land in Olen Steele and also quieting title to a part of the land in D. B. Waits, as will be hereinafter explained, and further decreeing Olen Steele to be the owner of a part of the land and D. B. Waits to be the owner of the remaining portion of the land. It was further decreed by the court that the respondents and the cross-complainants, the appellants, have no interest, claim or title to the real estate. The present appeal is from the aforesaid final decree.

Y. W. Freeman died in Cullman County, Alabama, January 23, 1931, leaving surviving him a widow, M. A. D. Freeman, and several children all of whom at the time were of age. At the time of his death Y. W. Freeman was seized and possessed of the lands described in the bill of complaint, consisting of about 142 acres lying in Cullman County, Alabama. He resided on these lands at the time of his death. His widow M. A. D. Freeman made application to the probate court, after being appointed administratrix of his estate, to set aside the lands and the decedent's personal property as exempt from administration and payment of debts. The court duly appointed commissioners who appraised the real estate of the decedent at less than $2,000 and the personal property at less than $1,000 and made report to the court, which allotted the same to the widow and minor child. The report showed the total value of the estate to be $1233 with a mortgage on the land amounting to $2400. However, there was no minor child and the petition clearly so stated. The court allotted the homestead to the widow and minor child for life. This decree of the probate court was entered on July 20, 1931.

On December 24, 1931, M. A. D. Freeman, widow of Y. W. Freeman, by warranty deed conveyed the aforesaid lands to J. H. Freeman, one of her sons. This deed was recorded on December 31, 1931. Tendencies of the evidence show that this deed was made after the mother had offered to sell to all of the other children. On July 3, 1936, the aforesaid J. H. Freeman, a single man, conveyed by warranty deed the aforesaid lands to Bernice Stout Peak, the deed being recorded on July 6, 1936. On October 4, 1937, Bernice Stout Peak entered into a lease sale contract to sell part of the property to C. J. Laminack and pursuant thereto put C. J. Laminack in possession under the contract. On December 30, 1937, Bernice Stout Peak conveyed by warranty deed to Olen Steele (appellee) that part of the lands which she still owned, the deed being duly recorded on December 31, 1937. On November 14, 1946, C. J. Laminack and wife conveyed the part of the lands which he then owned to Olen Steele, after C. J. Laminack had been living on and working the lands for about nine years.

Possession of the lands has been in Olen Steele and his predecessors in title since December, 1931. During this period they paid the taxes on the lands and made the necessary payments on the mortgage existing on the property which had been executed by Y. W. Freeman in his lifetime.

On November 30, 1945, Olen Steele sold 102 acres of the land to D. B. Waits. D. B. Waits paid part cash on the transaction and owes a balance on the purchase price. D. B. Waits was made a party to the suit and subject to all the equities and infirmities in the chain of title, if any. In other words the title of D. B. Waits will turn on the validity of the title of Olen Steele, his grantor.

The pivotal question in this case is the effect to be given the probate decree of July 20, 1931, when the widow of Y. W. Freeman, Mrs. M. A. D. Freeman, sought to have the property of the decedent set apart as exempt to her. It will be recalled that in setting the real estate apart to her as a homestead the decree provided that the interest of the widow should be for her life only. We shall refer to the matter of the minor child a little later. It is accordingly argued by the appellants that when the widow died on April 18, 1936, the children of Y. W. Freeman, who claim to own the remainder interest became tenants in common of the property with Olen Steele who became the owner of the interest of J. H. Freeman. The appellants are the children or grandchildren of Y. W. Freeman, deceased. It is on this theory that they have sought a sale for division of the property.

It will further be recalled, however, that the widow of Y. W. Freeman, Mrs. M. A. D. Freeman, on December 24, 1931, conveyed the lands involved to her son J. H. Freeman and it is through this conveyance that J. H. Freeman and his successors in title, including Olen Steele and D. B. Waits, now claim title to the entire interest in the property. In other words, it is the insistence of the appellees that despite the provision for a life estate in the probate decree, a fee simple title became vested absolutely in M. A. D. Freeman, the widow of Y. W. Freeman, at the time the lands were set apart to her as a homestead.

The commissioners appointed by the court to make a complete inventory and appraisement of the real and personal property of Y. W. Freeman, deceased, reported, showing the only real estate owned by decedent to be the 142 acres of land, which is involved in the present suit, and a valuation thereof of less than $2,000. The court entered a decree and ordered that "said report of said commissioners be and the same is hereby approved and in all things confirmed by this court."

It is the settled law of Alabama that when lands are set apart to the widow as a homestead on the death of her husband, it is not the decree which fixes the title, but the statutes in force at the date of the death of the husband, Walker v. Hayes, 248 Ala. 492, 28 So.2d 413, operate automatically upon the title and determine the title in accordance with the facts as ascertained. In the case of Cassady v. Davis, 245 Ala. 93, 15 So.2d 909, a decree of the probate court was under consideration and in that decree the interest of the widow was limited to a life estate. It was held that the recital in the decree purporting to limit the homestead to a life estate did not change the situation where under the statute the widow became entitled to a fee simple title. This court quoted from Headen v. Headen, 171 Ala. 521, 527, 54 So. 646, 648, where it was said:

"'If it be conceded that the jurisdiction of the probate court extended no further than to confirm the report of the commissioners setting apart the property, and to declare that result, it is clear that the decretal statement that the title was vested in the widow in fee simple was mere surplusage, unnecessary, it is true, but in no wise affecting the validity of the decree. As matter of law, when a valid decree of allotment is made, the statute operates automatically upon the title and immediately vests it in fee simple in the widow.'" [245 Ala. 93, 15 So.2d 911]; § 7931, Code of 1923.

So in the case at bar, even though the decree fixes the interest as that of a life estate, under the automatic operation of the statute, the title is a fee simple title in the widow and the statement that her interest is a life interest is nothing more than surplusage.

But the decree of the probate court in the present case further vested the title

in the widow and in the minor child, and did this despite the fact that the petition on which the decree was based clearly showed that there was no minor child. The decree, therefore, in this respect was void upon its face and the law vests the title in the widow whether the decree does or does not expressly so declare. T. S. Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490.

It, therefore, clearly appears that under the probate decree the widow of Y. W. Freeman, Mrs. M. A. D. Freeman, received a fee simple title to the property involved in this case and that title has been conveyed through mesne conveyances to Olen Steele and D. B. Waits, the appellees here.

We think that what we have said disposes of the case and makes it unnecessary for us to consider the further contention that the appellees here have a good title through adverse possession. There was some attack in the bill on the validity of the deed from Mrs. M. A. D. Freeman to her son J. H. Freeman, but that is a matter which is not pressed here and we see no need to consider it.

The decree of the lower court is due to be affirmed.

Affirmed.

FOSTER, LAWSON, and SIMPSON, JJ., concur.

On Application for Rehearing

STAKELY, Justice.

Upon application for rehearing it is earnestly insisted that the court was in error in holding that the decree of the probate court operated to vest a fee simple title in the widow, Mrs. M. A. D. Freeman, because the petition on which she sought to have the homestead set aside to her did not allege that the property sought to be set aside as a homestead constituted all of the real estate owned by the decedent at the time of his death. But there is a difference where the court has jurisdiction by reason of the presence of administration proceedings upon the estate of the decedent husband under what was § 7931 of the Code of 1923 (§ 674, Title 7, Code of 1940), and the situation where the widow seeks to have the homestead set apart to her when no administration of the estate is sought under what was § 7948 of the Code of 1923 (§ 694, Title 7, Code of 1940). This distinction is shown in Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105; Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314. In the case at bar the proceedings by which Mrs. M. A. D. Freeman, the widow of Y. W. Freeman, sought to have the homestead set apart to her, were in connection with administration proceedings, which had been instituted on the estate of Y. W. Freeman, deceased. There was, therefore, no need for any allegation in her petition filed under § 7931 of the Code of 1923, that the lands sought to be set apart as a homestead were all the lands owned by the decedent at the time of his death, but only an ascertainment by the court that such was the situation.

The application for rehearing is overruled.

FOSTER, LAWSON and SIMPSON, JJ., concur.