117 So.2d 698

**Velvie McPherson SMITH**

v.

**Norman McPHERSON et al.**

**7 Div. 484.**

Supreme Court of Alabama.

Jan. 21, 1960.

W. M. Beck and Loma B. Beaty, Fort Payne, for appellant.

Leonard Crawford, Fort Payne, for appellees.

MERRILL, Justice.

Appeal from a decree sustaining demurrer to the bill as amended and dismissing the bill.

The amended bill sought to sell certain lands for division amongst the children of J. L. McPherson and wife, Lillie McPherson, both deceased, and incidentally to have a decree of the Probate Court of DeKalb County, setting aside the lands in question as a homestead to Lillie McPherson and a minor daughter, declared null and void, and to set aside a deed to part of the lands from Lillie McPherson to one W. R. Kidd. The minor daughter, after reaching maturity, deeded all of her interest to her mother prior to Lillie McPherson's deed to Kidd.

The complainant is a daughter of the McPhersons, and the bill alleges that J. L. McPherson died in 1938, owning the lands in question and that it was his homestead; that Lillie McPherson was appointed administratrix of his estate on August 28, 1938, and that the said administration was never closed or a final discharge issued, and that the administration was still pending when Lillie McPherson died on August 7, 1957.

It further alleges that on October 26, 1945, Lillie McPherson filed a petition in the probate court to set aside the homestead under Tit. 7, § 694, Code 1940, averring that no administration had been granted on the estate of J. L. McPherson and that the probate court, on February 4, 1946, rendered a decree setting aside the homestead absolutely to Lillie McPherson and her minor daughter. The bill alleges that the probate court was without jurisdiction because there was a pending administration and that the decree of the probate court was void, and the subsequent deed from Lillie McPherson to Kidd conveyed no title except the share of the daughter who had conveyed her interest to Lillie McPherson.

Exhibits to the bill as amended were the Kidd deed, the petition of Lillie McPherson for letters of administration, the decree granting letters to her, and her later petition to have the homestead set aside which contained the averment, "That no administration has been granted on the estate of the said J. L. McPherson and it has been more than sixty days since his death."

The trial court sustained the demurrer on the authority of Cassady v. Davis, 245 Ala. 93, 15 So.2d 909. We think the decree is supported by that case and the authorities therein cited.

We have held that a petition for setting apart a homestead under Tit. 7, § 694, Code 1940 (prior to amendment), must aver that no administration has been grant-

ed and that such is a jurisdictional averment. Evans v. Evans, 213 Ala. 265, 104 So. 515; Hynes v. Underwood, 191 Ala. 90, 67 So. 994. Had the petition failed to make the averment, a decree based on the petition would have been void on its face. But since this jurisdictional averment was included in the petition, the decree was not void on its face.

"The instant case is a bill for division and is a collateral attack upon the proceedings in the probate court" setting aside the homestead to the widow and her minor child. Williams v. Overcast, 229 Ala. 119, 155 So. 543. "In this state it is settled that any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack. Friedman v. Shamblin, 117 Ala. 454, 466, 23 So. 821. This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud, accident, or mistake and to review final judgments and decrees in a few cases as prescribed by statutes." Johnson v. Johnson, 182 Ala. 376, 62 So. 706, 709; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

In Cassady v. Davis, 245 Ala. 93, 15 So. 2d 909, 911, we said:

"* * * There is no allegation in the bill that appellant did not have the notices provided by law. It must therefore be assumed that complainant had notice that her mother had sought to have these lands set aside to her as a homestead exemption, and had notice that it was ascertained that decedent had no homestead exempt at the time of his death. It must also be assumed that appellant had notice that the report of the commissioners had been confirmed, that complainant had notice of the insolvency of her father's estate and that the homestead had been set aside to her mother.

"Appellant filed no exception to either report and took no steps to resist either report. She had her day in court and is accordingly bound by the decree of the probate court. It plainly states that Mary E. Holley is allowed a homestead in the lands of the estate. The petition contained every allegation necessary to give the probate court jurisdiction. Since the decree, therefore, is not void on its face, it cannot be here collaterally assailed. Jenkins v. Clisby, 145 Ala. 665, 39 So. 735."

Here, the exhibits to the bill show that complainant was named as an adult heir in both the petition for letters of administration and the petition to set aside the homestead, and we must assume that she received the notices required by the statutes. The petition for homestead contained every allegation necessary to give the probate court jurisdiction. Therefore, complainant, as in the Cassady case "had her day in court and is accordingly bound by the decree of the probate court."

In the Cassady case, as here, one aspect of the bill was based upon fraud because of an alleged misstatement in the petition to set aside the homestead. There, the court said:

"The second aspect of the bill is based upon fraud, that is, that the widow in her petition alleged in conformity to Section 7919 of the Code of 1923, Section 662, Title 7, Code 1940, that the decedent at the time of his death had no homestead exempt to him from levy and sale under process. The bill alleges, as matter extraneous to the probate proceedings, that the decedent did own a homestead in the town of Samson which he occupied at the time of his death. It is insisted that since decedent did own a homestead at the time of his death, the allegation in effect that he did not so own a homestead is false and constitutes a fraud on the court and on appellant.

"As we have pointed out, appellant had notice of the proceedings in the probate court. She had every opportunity in 1929 to protest and defend against the very thing of which she complains in 1941. The bill shows that C. C. Holley resided with his family on the lot in Samson at the time of his death. Construing the bill against the pleader, appellant, then as now, was the only child and was residing on the lot as a member of her father's family. At any rate, there is nothing to show that she did not know where her father was residing at the time of his death. It is fundamental that complainant, in seeking to impeach the decree of the probate court for fraud, must show due diligence. The bill negatives that diligence which must be alleged in a case of this kind. Benton v. Benton, 214 Ala. 321, 107 So. 827; Evans v. Wilhite, 167 Ala. 587, 52 So. 845.

"Furthermore, the bill, which, in this phase, is a bill in the nature of a bill of review, was not filed until February 15, 1941. The probate decree was entered September 22, 1930. The bill was filed too late. The statute of limitations for a bill of review will by analogy be applied to a bill in the nature of a bill of review.

"'It has been declared that, by analogy to the statute of limitations for bills of review, no special features appearing, the limitation is fixed at three years, subject to the statute giving one year after discovery of the fraud.' Quick v. McDonald, 214 Ala. 587, 108 So. 529, 532.

"See also Wilkerson v. Wilkerson, 230 Ala. 567, 572, 161 So. 820."

In the Cassady case, the bill was filed ten and one-half years after the decree of the probate court was entered. Here, the decree was entered on February 4, 1946, and the bill was filed September 4, 1957, approximately eleven and one-half years later.

We have not quoted all the pertinent parts of the opinion in Cassady v. Davis, 245 Ala. 93, 15 So.2d 909, but it is sufficient to say that we think that case apt authority to support the decree of the lower court.

In Bedwell v. Dean, 222 Ala. 276, 132 So. 20, 21, the petition was filed under a progenitor of Tit. 7, § 694, Code 1940, and the bill in that case attacking the decree of the probate court in 1911 setting aside the homestead to the widow was filed in 1916, and later the substituted bill charged that complainants, heirs at law of decedent, were not made parties to the proceedings in probate court, had no notice until 1915, and filed their bill within one year thereafter, and that the decedent was not a resident of Cleburne County at the time of his death but had resided in Oklahoma for seven years before his death with no intention to return to Alabama. This court affirmed the decree of the lower court dismissing the bill and said:

"* * * The statute under which the proceeding was had, section 2097 of the Code of 1896, and the decisions interpreting its provisions, eliminate so much of the charge of fraud as depends upon the omission of the children and heirs of the deceased owner as parties, while, as for the rest, the allegations of the petition as to the residence of the deceased owner and as to the value of the property were contained in the pleading, were thus presented for adjudication, and no fraud can be predicated of [on] the issues presented by them such as would now permit a collateral attack. It is not averred that they were made in bad faith or with intent to deceive or mislead the court. Friedman v. Shamblin, supra; Singo v. McGhee, 160 Ala. 245, 49 So. 290. The petition being sufficient to invoke the statutory jurisdiction and the proceeding being in rem, no subsequent errors or irregularities, however numerous or glaring, and however available to authorize a re-

versal by direct appeal, will avail anything when the jurisdiction is assailed on collateral attack. * * *"

 The bill in the instant case was properly dismissed because it was a collateral attack on the decree of the probate court based upon a petition which was not void on its face, and because the bill showed on its face that the complainant was guilty of laches in delaying her claim based upon fraud.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.