154 So.2d 9

**Gertrude D. CARTER et al.**

**v.**

**Robert H. DAVIS.**

**6 Div. 909.**

Supreme Court of Alabama.

May 30, 1963.

Earl D. Hendon, Birmingham, for appellants.

Drennen, Leob & Drennen, Birmingham, for appellee.

HARWOOD, Justice.

Mrs. Annie B. Davis, a resident of Dade County, Florida, died in that State on 7 February 1960. Among other assets Mrs. Davis owned real estate in Birmingham, Alabama, at the time of her death.

Her will was duly admitted to probate by the Probate Court of Dade County, Florida, on 15 February 1960, and letters testamentary were issued to Robert H. Davis, Sr., named in the will as sole executor thereof.

We note that Mrs. Davis' will was witnessed by seven witnesses.

On 15 April 1960, Robert H. Davis filed a petition in the Probate Court of Jefferson County, Alabama, asking that the will of Annie B. Davis be admitted to probate in Alabama, certified copies of the proceedings admitting said will to probate in Florida being attached as exhibits to the petition. Thereafter, on 30 September 1960, the Probate Court of Jefferson County entered an order admitting the will to probate in Alabama.

All of the proceedings in Alabama were had and done in accordance with Section 46, of Title 61, Code of Alabama 1940, pertaining to the probation of wills in Alabama of residents of other states or territories of the United States, when such will has been probated in the state of residence of the deceased.

Thereafter, the appellants, who are daughters of Annie B. Davis, filed a bill in the Circuit Court of Jefferson County in Equity, seeking to contest the validity of the will. The grounds of invalidity asserted were that the will was the result of undue influence, and further, that the testatrix was of unsound mind at the time of the execution of the will.

The chancellor sustained the appellee's demurrer to the bill, and dismissed it. This appeal is from that order.

Section 46, supra, provides among other things that when a testator was not at the time of his death an inhabitant of this State, but was an inhabitant of a state or territory of the United States, and his will has been proved in the state or territory of his residence, the will may be admitted to probate in this State by presentation to the proper Probate Judge of a copy of such will authenticated as provided by Section 905 of the revised statutes of the United States. Upon presentation of such authenticated will the Probate Judge shall, without notice, enter a decree admitting such will to probate.

It is further provided in Section 46, supra, that if the will has been admitted to probate elsewhere than in a state or territory of the United States, and such will purports to dispose of real or personal property situated in Alabama, such wills are required to be probated in the courts of Alabama, and are subject to be contested in the same manner as wills offered for original probate in the courts of this State.

In Brock's Administrator v. Frank, 51 Ala. 85, in writing to the precursor of Section 46, supra, which precursor was in all

material respects substantially similar to Section 46, supra, Justice Stone wrote:

"When the will and probate is presented for probate here, the only inquiries the court of this State can make are, whether the foreign probate was granted by a court having jurisdiction, and whether the will and probate is properly authenticated. Ascertaining these facts, the duty of the court then becomes ministerial, not judicial, and that duty is the record of the will and probate. The law intervenes, and attaches to the probate not only the faith and credit it commanded within the jurisdiction pronouncing the sentence, but the value and dignity of a domestic decree of probate. Ward v. Oates, 43 Ala. 515.

"The general law would not permit any contestation here of the validity of the will. The statute does not provide for or expressly prohibit such contestation; but the general law, operating in the absence of a statutory prohibition, does forbid it. We are of the opinion that the statute, when construed in the light of previous statutes which it superseded, must be deemed to withdraw from our courts of probate all jurisdiction of such contestation."

The appellants contend, however, that by virtue of Section 64, Title 61, Code of Alabama 1940, they are entitled to contest the will of Annie B. Davis in the equity court. This section provides:

"Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by bill in equity * * * in the county in which such will was probated."

▉ Prior to the enactment of Section 64, supra, or its progenitors, there was no jurisdiction in equity for contesting a will. Section 64, by statute creates such jurisdiction. Ex parte Walter, 202 Ala. 281, 80 So. 119; Braasch et al. v. Worthington, 191 Ala. 210, 67 So. 1003. The purpose of Section 64 and its progenitors, is to give an additional opportunity to contest the validity of a will which has been admitted to probate in the Probate Court. Knox v. Paull, 95 Ala. 505, 11 So. 156; Smith v. Bryant, 263 Ala. 331, 82 So.2d 411. While Section 64 creates a new and independent right (Kaplan v. Coleman, 180 Ala. 267, 60 So. 885) it has been held that it "is but an extension of the right to contest in the probate court," Allen et al. v. Pugh, 206 Ala. 10, 89 So. 470, and cases cited therein, and in Braasch v. Worthington, supra, it is stated:

"There can be no doubt that a contest in chancery, under section 6207" (now Section 64, supra) "may be instituted by any person who could have contested the probate of the will under section 6196, but has neglected to do so."

▉ Both Sections 46 (pertaining to probate in Alabama of a non-resident's will) and Section 46 (pertaining to contest of a will in equity,) or their progenitors, have been in our digests or our codes since 1806. They are in pari materia. Section 46 was re-enacted in 1951, without any change material to this review. See 1951 Acts of Alabama, Special and Regular Session, Vol. 2, Act No. 988, page 1663. No right to contest a will probated in another state or territory of the United States and admitted to probate in Alabama, is provided for. On the other hand, the right to contest a will proved in some place other than a state or territory of the United States is provided for in the section. We think this latter express provision for contests only as to wills proved elsewhere than in a state or territory of the United States, necessitates the conclusion, when aided by the maxim "expressio unius est exclusio alterius," that the legislature did not intend to permit the contest of a will probated in this State, when

such will has already been probated in the state or territory of the United States wherein the testator was living at the time of his death. City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305; Weill v. State ex rel. Gaillard et al., 250 Ala. 328, 34 So.2d 132. Having no right to contest the will in the probate court, we think it must rationally follow that no jurisdiction exists in the equity court to entertain such contest.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.