JONES, Justice
(concurring in the result).
I reach the same result as the majority, but I get there by an altogether different route. While the Appellants did not denominate their answer to Appellees’ counterclaim as a statute of limitations plea, they set out fully the factual basis for such a defense. Accordingly, I would address the merits.
It is the Appellants’ primary claim of error that to give effect to the 1959 amendment, abolishing the five-year limitation on the probate in Alabama of a foreign will, is to give it a retrospective, and thus an unconstitutional, interpretation.
Because the five-year limitation came into being within three years of the testator’s death in 1948, and his Texas will was not probated in Alabama within five years therefrom, any construction of the 1959 act’s abolition of that limitation as permitting the will’s probate in Alabama in 1974 is, according to Appellants, a violation of the prohibition against divestiture of vested interests by subsequent legislation.
Appellants summarize their argument: “[T]he running of the statutory period as set out in the 1951 amendment acted as a bar to prevent any subsequent attempt to probate the Last Will and Testament of W.V. Lester more than five years after his death. Absent a proper probate in the State of Alabama, the right which vested upon the death of W.V. Lester was the ‘right of testator’s heirs at law’. Gilbert v. Partain, 222 Ala. 459, 133 So. 2 (1931). Thus, upon the death of W.V. Lester, title vested in his sole intestate heir, Henry V. Lester and the attempted probate of the Last Will and Testament of W.V. Lester in 1974, some twenty-six years after his death, was of no legal effect.”
Appellees seek to invoke the same “vested interest” argument in their favor, contending that the passage of the five-year limitation after Lester’s death and after the probate of his will in Texas could not divest the devisee under the will of her right to file the will in Alabama at any time. “Therefore,” say the Appellees, “since the testator died in 1948 and his Will was properly probated [in Texas], the [Vs interest here in question] vested in his surviving widow....”
In my opinion, neither the “vested interest” arguments nor the “retrospective/prospective” dichotomy is pertinent to the resolution of the ultimate issue here presented. I would hold that the Mobile County Probate Court was legally bound to give recognition to the Texas probate court’s adjudication admitting W.V. Lester’s will to probate. The correctness of the trial court’s holding, validating the will’s probate in Alabama, is grounded in the funda *873 mental concept of full faith and credit mandated by art. IV, section 1, of the United States Constitution:
“Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state....”
The application of this doctrine, in the context of a foreign will, was addressed in the early case of Brock’s Adm’r v. Frank, 51 Ala. 85 (1874):
“When the will and probate is presented for probate here, the only inquiries the court of this State can make are, whether the foreign probate was granted by a court having jurisdiction, and whether the will and probate is properly authenticated. Ascertaining these facts, the duty of the court then becomes ministerial, not judicial, and that duty is the record of the will and probate. The law intervenes, and attaches to the probate not only the faith and credit it commanded within the jurisdiction pronouncing the sentence, but the value and dignity of a domestic decree of probate. Ward v. Oates, 43 Ala. 515 (1869).” 51 Ala. at 90.
This language from Brock’s Adm’r. was quoted with approval in Carter v. Davis, 275 Ala. 250, 154 So.2d 9 (1963), holding that a foreign will, properly admitted to probate in another state, is not subject to a will contest when presented for probate in Alabama.
Whether Lester’s will was properly admitted to probate in Texas or whether the testator’s son and sole heir, through whom Appellants stake their claim, was properly before the Texas court, were not put in issue at the time the will was probated either in Texas or in Alabama. Moreover, the adjudication of probate was neither contested on jurisdictional grounds in either court, nor made the subject of an appeal. Thus, the instant suit is an unauthorized collateral attack on a valid decree of the Texas probate court. Jenkins v. Clisby, 145 Ala. 665, 39 So. 735 (1905). See, also, Cassady v. Davis, 245 Ala. 93, 15 So.2d 909 (1943).
This is not to say that the constitutional mandate of full faith and credit forecloses the State’s exercise of legitimate state interests with respect to the orderly administration of testate or intestate estates, including claims of adverse possession or laches. To be sure, the requirement of the 1959 act that the proffered will be admitted to probate in the State of the testator’s domicile within five years of his death — a condition consistent with the requisite for probate of a domestic will — is clearly in furtherance of a public interest and thus constitutionally inoffensive.
Not so, however, with respect to the time limitation for filing a foreign will for probate in Alabama as prescribed by the 1951 act. To place a five-year requirement on the probating of a will in Alabama that was probated in the State of the testator’s domicile within five years of his death is to unduly circumscribe the fundamental concept of full faith and credit. Given the finality of the Texas probate decree, a statutorily imposed five-year limitation on Alabama’s recognition of that state’s adjudication is unconstitutional. I perceive this deficiency of the 1951 act as a probable basis for its repeal.