# Heflin *v.* Ashford.

*Bill in Equity Impeaching Decree for Fraud.*

1. *Limitation of suit.*—A bill in equity, seeking to impeach a decree for fraud, must be filed within three years after the rendition of the decree; but there is a statutory exception in favor of infants, married women, and persons of unsound mind (Code, 1886, § 3499), and a statutory modification of the principle (§ 2630), allowing twelve months after the discovery of the facts constituting the alleged fraud.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 29th October, 1880, by Richard Prewitt, against Mrs. Caroline Ashford and others; and sought principally to set aside, on the ground of fraud, a decree rendered by said Chancery Court, on the 12th March, 1877, in favor of Mrs. Ashford, against said Prewitt. The complainant died pending the suit, and it was thereupon revived in the name of A. Heflin as his administrator. The chancellor overruled a demurrer to the bill, and also a motion to dissolve the injunction for want of equity in the bill; but he dismissed the bill, on final hearing on pleadings and proof, on the ground that the complainant was guilty of *laches* in defending the original suit, after the alleged argeement of compromise was entered into.

J. B. MOORE, and W. P. CHITWOOD, for appellant, argued the several points discussed and decided in the chancellor's decree; and further contended, 1st, that the statute of limita-

tions of three years was not applicable to the case made by
the bill; 2d, that the statute was waived, because not set up
by plea or demurrer; 3d, that if the bill was barred as a
bill to set aside the decree on the ground of fraud, the com-
plainant was entitled, under the general prayer, to relief in
the nature of injunction against the fraudulent use of the
decree.    They cited Freeman on Judgments, § 492; *Howell
v. Motes*, 54 Ala. 1; *Garrett v. Lynch*, 44 Ala. 683; *Broda
v. Greenwald*, 66 Ala. 538; *Kennedy v. Kennedy*, 2 Ala. 571;
2 Pom. Equity, 917; 3 *Ib.* 1364; 1 High Inj., §§ 198–200,
207; Kerr on Fraud & Mistake, 353.

E. H. FOSTER, and D. D. SHELBY, *contra*, cited Code,
1886, § 3497; *Gordon's Adm'r v. Ross*, 63 Ala. 363.

SOMERVILLE, J.—It is settled in this State, that a bill
filed to impeach a decree for fraud must be filed within three
years after the rendition of the decree sought to be im-
peached, or else it will be barred; with the exception of bills
filed ·by infants and persons of unsound mind, and married
women, where the matter of the decree relates to their
separate estates.—*Gordon v. Ross*, 63 Ala. 363; Code, 1886,
§ 3497.    But a necessary modification of this principle is,
that the aggrieved party, under the statute, is entitled to
twelve months within which to file such bill, after the dis-
covery of the facts constituting the fraud.—Code, 1886,
§ 2630; *Porter v. Smith*, 65 Ala. 169; *Holt v. Wilson*,
75 Ala. 58; *Gordon v. Ross, supra.*

The alleged fraud in this case consists in the rendition, on
March 12th, 1877, of the decree sought to be impeached, in
violation of the terms of a written agreement of counsel in·
the cause.    This fact was known to the complainant at least
as early as May 14th, 1877; for on that day the record shows
that he applied to the chancellor for a rehearing in the cause,
asking that the decree be set aside, on substantially the same
ground as that urged in the original bill in this suit, which
was not filed until October 29th, 1880, or more than three
years· after the discovery by complainant of the fact that
such decree had been rendered.

Whatever merit there may otherwise be in complainant's
suit, this objection is entirely fatal to it, and bars any right
to relief by him.

The decree of the chancellor must be affirmed.