(108 So. 529)

## QUICK et al. v. McDONALD et al.
### (4 Div. 274.)

(Supreme Court of Alabama. May 13, 1926.)

**1. Homestead ⚖︎150(1).**

In proceeding to set aside homestead for widow under Code 1923, § 7948, allegation that husband left no minor children is jurisdictional.

**2. Homestead ⚖︎150(1).**

In proceedings to set aside homestead for widow under Code 1923, § 7948, averment that quantity of land is within area to which statute applies is jurisdictional.

**3. Homestead ⚖︎150(1)—In proceedings to set aside homestead for widow, that value of lands does not exceed $2,000 is jurisdictional (Code 1923, §§ 7948, 7951).**

In proceedings to set aside homestead for widow under Code 1923, § 7948, that value of lands does not exceed $2,000 is jurisdictional, and to be averred in the petition and determined as a condition of the decree under section 7951.

**4. Homestead ⚖︎150(2)—Decree setting aside homestead for widow, while unreversed on appeal, and not vacating by direct proceeding in equity, cannot be assailed collaterally (Code 1923, § 7948).**

Decree setting aside homestead for widow under Code 1923, § 7948, while unreversed on appeal, and not vacated by direct proceeding in equity, cannot be assailed collaterally.

**5. Judgment ⚖︎443(1).**

When proceeding is in rem as proceeding to set aside homestead for widow under Code 1923, § 7948, injured party, without notice of proceeding, and not wanting in diligence, may have equitable relief against decree procured by fraud.

**6. Homestead ⚖︎150(1)—In considering value in proceedings to set aside homestead for widow, some margin must be allowed for bona fide differences thereon (Code 1923, § 7948).**

In considering whether value was such as to give jurisdiction in proceedings to set aside homestead for widow under Code 1923, § 7948, some margin must be allowed for bona fide differences thereon, because value is usually a matter of opinion.

**7. Homestead ⚖︎150(1)—In considering value in proceedings to set aside homestead for widow, special conditions, such as fluctuating value of lands in particular years, are proper considerations (Code 1923, § 7948).**

In considering value of homestead in proceedings to set aside homestead for widow, under Code 1923, § 7948, special conditions, such as fluctuating values of land in particular years, are proper considerations.

**8. Judgment ⚖︎443(1).**

Fraud available in equity to overturn judgments at law must be actual fraud.

**9. Homestead ⚖︎150(1)—That parties promoting proceedings to set aside homestead for widow knew value of property exceeded exemption, and intended to obtain title, through fraudulent court proceedings, negatives bona fide error of judgment as to value (Code 1923, § 7948).**

That parties promoting proceedings to set aside homestead for widow, under Code 1923, § 7948, knew value of property exceeded exemptions, and intended to obtain title through court proceedings known to be a fraud on those holding lawful title, negatives bona fide error of judgment as to value.

**10. Evidence ⚖︎82.**

Law presumes that commissioners appointed to appraise property in proceedings to set aside homestead for widow, under Code 1923, § 7948, performed their duty.

**11. Judgment ⚖︎443(1).**

Fraud, as a basis of relief against a judgment, must be a contributing cause of the injury.

**12. Homestead ⚖︎150(1)—Purpose of petitioner to secure lands in excess of exemption in proceedings to set aside homestead for widow will not invalidate final decree, in absence of fraud preventing hearing, where appraisers have performed duty (Code 1923, § 7948).**

Purpose of petitioner to secure title to lands exceeding exemption in proceedings to set aside homestead for widow, under Code 1923, § 7948, will not invalidate final decree, in absence of fraud preventing hearing, if competent appraisers have performed their duty under oath, uninfluenced by petitioner, and made a bona fide report.

**13. Judgment ⚖︎461(5).**

Court of equity will overturn findings of other courts only on clear allegation and proof of fraud going to its jurisdiction.

**14. Judgment ⚖︎460(4)—Bill to overturn proceedings to set aside homestead for widow must show fraudulent or wrongful act of petitioner in naming appraisers or in influencing their appraisement, or incompetency, bias, or inattention to duty equivalent to bad faith (Code 1923, § 7948).**

Bill to overturn proceedings to set aside homestead for widow, under Code 1923, § 7948, by reason of fraud in valuation of homestead, must show some fraudulent or wrongful act by the petitioner, or her agents or persons in collusion with her, in naming the appraisers, in influencing their appraisement, or such incompetency, bias, or inattention to duty as is equivalent to bad faith.

**15. Judgment ⚖︎460(4)—Averments that appraisers, in proceedings to set aside homestead for widow, appraised at $2,000 property worth $5,000, and that their attorney drew their report, does not show fraud (Code 1923, § 7948).**

Averments that appraisers, in proceedings to set aside homestead for widow, under Code

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1923, § 7948, appraised at $2,000 property alleged to have been worth $5,000, and that their attorney drew their report, does not show fraud justifying overturning proceedings.

**16. Homestead ⊕═══150(1).**

In proceedings to set aside homestead to widow, under Code 1923, § 7948, disparity between actual and appraised value of homestead may be so obvious as to warrant a conclusion of bad faith or incompetence.

**17. Judgment ⊕═══460(4)—Allegation of great disparity between actual and appraised value of homestead is insufficient to plead bad faith or incompetence in homestead proceedings (Code 1923, § 7948).**

Allegation of great and obvious disparity between actual and appraised value of homestead is insufficient to plead bad faith or incompetence in homestead proceedings, under Code 1923, § 7948.

**18. Equity ⊕═══430(3)—Where bill to set aside decree setting aside homestead was not taken until 6 years after entry of decree and purchase by occupant, laches bars bill (Code 1923, § 7948).**

Where bill to set aside decree setting aside homestead to widow under Code 1923, § 7948, was not filed until 6 years after entry of decree and purchase by occupant, who agreed to support widow for life, laches bars the bill, in absence of any excuse for the delay.

**19. Judgment ⊕═══456(2)—Equity avoids arbitrary rules, and is not limited to statutory period of four months in which to vacate judgments at law for fraud (Code 1923, § 9521).**

Equity avoids arbitrary rules, and is not limited to the four-month period allowed by Code 1923, § 9521, within which to vacate judgments at law for fraud.

**20. Judgment ⊕═══456(1).**

Bill to vacate judgment at law for fraud, when brought in equity, must, in general, be filed within a reasonable time under the circumstances.

**21. Judgment ⊕═══456(2)—Bill in equity to set aside judgment at law must be brought within three years, or within one year, after discovery of fraud, in absence of special features.**

Bill in equity to set aside judgment at law for fraud, in absence of special features, must, in analogy to statute of limitation, be brought within three years, or within one year, after discovery of fraud.

**22. Judgment ⊕═══460(3)—Complainant, seeking to bring himself within exception allowing him to bring bill to vacate judgment within one year after discovery of fraud, must aver and prove exercise of due diligence.**

Complainant, seeking to bring himself within exception to three-year limitation to vacation of judgments at law, allowing him to bring bill within one year after discovery of fraud, must aver and prove exercise of due diligence.

**23. Evidence ⊕═══43(1).**

Supreme Court takes judicial notice of its own records.

**24. Appeal and error ⊕═══173(9).**

Supreme Court will not consider effect of proceedings had on former suit, in absence of pleadings or evidence bringing former records into issues.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity by Virginia Quick, Emma Merritt, and Delia Carr against Mollie McDonald and A. L. McAllilly. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

Mulkey & Mulkey, of Geneva, for appellants.

Value and area of the proposed homestead are jurisdictional matters, and, if falsely alleged in the petition, this makes a case of fraud upon the court in the concoction or procurement of the decree. Keenum v. Dodson, 212 Ala. 146, 102 So. 230. The bill is well filed, and demurrer thereto was erroneously sustained. Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Keenum v. Dodson, supra, overruling McDonald v. McAlily, 206 Ala. 105, 89 So. 198.

Carmichael & Tiller, of Geneva, for appellees.

The judgment in this case on former appeal is a bar to complainant's rights in this suit. McDonald v. McAlily, 206 Ala. 105, 89 So. 198; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; N., C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 So. 7; New Eng. M. S. Co. v. Davis, 122 Ala. 555, 25 So. 42; Bibb v. Bibb, 79 Ala. 444. The question of fraud arising from the alleged undervaluation of the property has been decided adversely to appellants. Cogburn v. Callier, 213 Ala. 46, 104 So. 330; McDonald v. McAlily, 206 Ala. 105, 89 So. 198; Jones v. Hubbard, 208 Ala. 269, 94 So. 167. There was no fraud upon the court in procurement of the decree. Alder v. Van Kirk Co., 114 Ala. 562, 21 So. 490, 62 Am. St. Rep. 133; McDonald v. Pearson, 114 Ala. 642, 21 So. 534; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Hardeman v. Donaghey, 170 Ala. 362, 54 So. 172.

BOULDIN, J. The bill is for the sale of lands for division among tenants in common. Complainants, and one respondent, claim title as the heirs and next of kin of T. J. Dickson, deceased.

A. L. McAllilly is made respondent for the purpose of removing an alleged cloud upon complainants' title held by him, ousting his possession, and calling him to account for rents and waste. Sandlin v. Anders, 210

---

⊕═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 396, 98 So. 299. The cloud upon title complained of consists of proceedings in the probate court to set apart the lands as the homestead of S. A. Dickson, the widow of T. J. Dickson, deceased, followed by a warranty deed from the widow to McAllilly.

The proceedings to set apart the homestead are assailed for fraud in the procurement of the orders and decrees to the end of vesting the absolute title in the widow. These proceedings are made exhibit .to the bill, and show a petition in due form by the widow for setting apart the homestead without administration, under Code, § 7948, the appointment of commissioners, their report in due form showing the property described was the homestead of decedent at the time of his death, the only real estate owned by him, less than 160 acres in area, and of the appraised value of $2,000, that the deceased left no minor children, and setting the same apart to the widow as exempt from administration. No exceptions being filed, a decree of confirmation, reciting the jurisdictional facts, ordering that the property be set aside to S. A. Dickson, the widow, and that the title vest absolutely in her, was entered. Code, § 7951.

The fraud upon which it is sought to impeach these proceedings, briefly stated, is: That the lands, at the time of the husband's death, were of the full value of $5,000; that, at the suggestion of McAllilly, the widow filed her petition, falsely and fraudulently alleging the property did not exceed in value $2,000; that both the widow and McAllilly knew the value of the property was greatly in excess of the exemptions allowed by law, and the proceedings were had with the fraudulent purpose on the part of both to acquire the absolute title to the lands by proceedings based upon false and fraudulent averments of jurisdictional facts, leading the court to believe it had jurisdiction in the premises. It is further averred the complainants had no notice of the proceedings; and that soon thereafter the widow conveyed the lands to McAllilly.

[1-3] The appeal is from a decree sustaining a demurrer to the bill. The bill is framed in view of the doctrine announced in Keenum v. Dodson, 212 Ala. 146, 102 So. 230. In that case the fraud consisted in the false allegation that decedent left no minor children, resulting in a decree vesting the absolute title in the widow to the exclusion of minor children not represented in the proceedings. But the decision is based upon the ground of fraud in the procurement or concoction of the decree, in that the jurisdiction of the court was invoked by false and fraudulent allegation of a jurisdictional fact. The same case points out that a false averment of the quantity of the lands as being within the area to which the statute applies is jurisdictional, and overruled Douglas v. Bishop, 201 Ala. 226, 77 So. 752, so far as in conflict on that point.

It is equally clear that the value of the lands, not exceeding $2,000, is also a jurisdictional fact, to be averred in the petition and determined in the proceedings as a condition upon which the decree vesting an absolute title is based. The statute so declares. Code, § 7951.

[4] These several jurisdictional facts, being brought within the lis pendens, are adjudicated by the court; and, while the decree remains unreversed on appeal, and not vacated by direct proceeding in equity, it cannot be assailed collaterally.

[5] Proceedings of this sort deal, not with transactions between parties themselves, nor alleged transactions inter partes, but with legal rights growing out of relationship to the subject-matter, law-made rights, or alleged rights. When such cause -of action is concocted by fraudulently setting up the existence of conditions which are known not to exist, the law is made the instrument of fraud. The suit itself is the fraudulent transaction. There is fraud in the procurement of the decree. An element of public policy is involved when the law which creates the right of action is itself made the instrument of fraud.

When, as here, the proceeding is in rem, the party injured having no notice thereof, and not wanting in diligence under the circumstances, a case is made for equitable relief under the authorities cited in Keenum v. Dodson, supra. Lester v. Stroud, 212 Ala. 635, 103 So. 692.

[6, 7] In dealing with the question of value in homestead proceedings, it must be noted that value is usually a matter of opinion, and some margin must be allowed for bona fide differences. Special conditions, such as the fluctuating values of lands in 1918 and 1919, are proper considerations.

[8, 9] The fraud available in equity to overturn judgments at law must be actual fraud. There is no want of averment of actual fraud in this bill. That the parties promoting the proceedings knew at the time the value of the property was greatly in excess of the exemptions, and had the intent to obtain title through court proceedings known to be a fraud upon those holding the lawful title, negatives any idea of bona fide error of judgment on the question of value.

[10] Among the grounds of demurrer addressed to the bill was failure to aver any fraud or collusion on the part of the commissioners appointed to appraise the property. The law requires the commissioners to be disinterested householders or freeholders, who shall act under oath in making their appraisement and report. One primary purpose of the report of commissioners is the appraisement of value for the advice of the court. Their report, in connection with exceptions thereto, if any, is the basis of further action by the court. The law does not make the petition of the widow evidence of value further than to invoke the court's jurisdiction. Neither is the

averment of the petition as to value evidence for the consideration of the commissioners. It it not before them, but they act on a commission charging them with the duty to appraise the property. The law presumes they have performed their duty.

[11-14] Fraud, as a basis of relief, must be a contributing cause of the injury. If competent commissioners have performed their duty under oath, uninfluenced by any action of the petitioner or parties in collusion with her, and made a bona fide report appraising the property, it cannot be said the fraudulent purpose of petitioner has entered into the rendition of the final decree, in the absence of fraud in preventing a hearing, as in Lester v. Stroud, 212 Ala. 635, 103 So. 692.

The report of commissioners and the action of the court thereon negative the charge of fraudulent undervaluation in the petition. While a court of equity has no tolerance for fraud, it has regard for the judicial findings of other courts, and overturns them only on clear allegations and proof of that species of fraud whereon its jurisdiction rests. We hold that a bill addressed to fraud in the matter of valuation of the homestead should show some fraudulent or wrongful act of the petitioner, her agents, or persons in collusion with her, in naming the commissioners, or in influencing their appraisement, or such incompetency, bias, or inattention to duty as is the equivalent of bad faith.

[15] The averments here show no more than that the commissioners did appraise at $2,000 property alleged to have been worth $5,000, and that the attorney for the commissioners drew their report. Drawing the report after they have come to a decision as to its contents is not to be deemed a circumstance of fraud.

[16, 17] As a matter of evidence, the disparity between the actual and appraised value of the property may be so obvious and so great as to warrant a conclusion of bad faith or incompetence; but the mere allegation of such disparity does not meet the requirements of good pleading. The present bill was subject to demurrer in this regard.

[18] Another ground of demurrer is laches. The husband died June 26, 1918; the petition for homestead exemption filed November 20th, 1918; the final order confirming the report of commissioners, January 11, 1919; and the deed from the widow to McAllilly, January 27, 1919. The recited consideration for the deed was the support and maintenance of the widow during her life. The bill shows that McAllilly entered into possession of the land, claiming under said deed, and so remains; that the widow is now dead, but the date of her death is not shown. The bill was filed April 22, 1925.

No excuse is assigned for the delay of more than six years in assailing the probate proceedings for fraud. It is averred complainants, adults, had no notice of the proceedings at the time, but it is not averred when notice was acquired. Inferentially, McAllilly's possession was such notice as to provoke inquiry touching the source and nature of his claim. Such inquiry would disclose that from year to year he was parting with the consideration of value expressed in his deed. The equity to assail the probate proceedings for fraud accrued at the time they were entered.

[19-22] The maxim of good faith and reasonable diligence applies with full force to suits in equity to vacate judgments at law for fraud. The same sound policy which exacts diligence in the defense of suits while pending obtains in avoiding judgments by bill in equity after they are entered. The statutory remedy at law for the like purpose is limited to four months from the rendition of the judgment. Code, § 9521. The time so fixed is arbitrary, without regard to when the fraud was discovered. Equity avoids arbitrary rules, and is not limited to the four-month period. Evans v. Wilhite, 167 Ala. 591, 52 So. 845. In general, such bill must be filed within a reasonable time under the circumstances of the particular case.

It has been declared that, by analogy to the statute of limitations for bills of review, no special features appearing, the limitation is fixed at three years, subject to the statute giving one year after discovery of the fraud. A complainant seeking to bring himself within the one-year exception has the burden of averment and proof of failure to discover the fraud by the exercise of due diligence. Gordon's Adm'r v. Ross, 63 Ala. 363; Heflin v. Ashford, 85 Ala. 125, 3 So. 760; Sims v. Riggins, 201 Ala. 99, 77 So. 393; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082. The demurrer on the ground of laches was well taken.

[23, 24] Counsel on both sides refer to the former case of McDonald v. McAlily, 206 Ala. 105, 89 So. 198, which appears to have involved the same matters now in litigation.

While this court takes judicial knowledge of its own records, this does not mean the court will consider the effect of former proceedings upon the pending suit, in the absence of pleading or evidence bringing the former records into the issues before us. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Id., 213 Ala. 46, 104 So. 330.

We cannot consider the record in the former action either on the question of laches in bringing the present suit or as res adjudicata of this controversy.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.