176 So. 617

KUGLE et al. v. HARPE.

4 Div. 954.

Supreme Court of Alabama.

May 20, 1937.

Rehearing Denied June 28, 1937.

Chauncey Sparks, of Eufaula, for petitioners.

Clayton, Clayton & Clayton, of Eufaula, opposed.

BOULDIN, Justice.

The proceeding was begun by petition to the judge of probate of Barbour county for writ of habeas corpus, to obtain the custody of a child, Annie Nell Taylor, a little girl of five years of age. On the hearing of the petition, said judge held neither the petitioners, Mr. and Mrs. Kugle, nor respondent, Mrs. Erma Harpe, the mother of the child, qualified as suitable custodian, for the proper maintenance, rearing, and education of the child, dismissed the petition and ordered the child put into the custody of the Child Welfare Department of Alabama.

In reviewing this ruling, the Court of Appeals said: "The matter being properly, certainly at the instigation of appellants, before the probate court, the duty devolved upon that court to act 'according to the best interests' of the child. And this regardless of the efficacy, vel non, of the claimed adoption of the child by appellants under the laws of Georgia. Whatever the status of this 'adoption,' it could place appellants in no stronger position than would it have been had they been the child's natural parents. And, in this latter event, it would still have been the duty of the court to mold his order to fit the 'Welfare of the Child.' Bradley et al. v. Bennett, 168 Ala. 240, 53 So. 262; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848."

■ Not dealing with any question of the jurisdiction of the judge of probate, as such, on habeas corpus, to exercise the powers conferred · on probate courts in their capacity as juvenile courts under Gen.Acts 1931, pp. 353, 356–359, §§ 3 and 4, we are impressed the adoption proceedings in the state of Georgia are not to be disposed of in this summary manner. Without question, the controlling inquiry in awarding the custody of a child is the welfare of the child.

But a grave question arises under the petition and exhibits, part of the record before the Court of Appeals, whether the rightful jurisdiction of this issue was in a court of competent jurisdiction in the state of Georgia.

The petition discloses that several months before this proceeding was begun, Mrs. Harpe, the widowed mother of three children, being unable to support them, through the assistance of a pastor in Americus, Ga., found a home for the two older boys in an orphans' home at Macon, Ga., and this little girl was placed in the home of petitioners in the state of Georgia, where she remained until July 8, 1936. On July 1, 1936, petitioners instituted in the superior court of · Sumter county, Ga., proceedings for the adoption of the child, under the laws of the state of Georgia. Mrs. Harpe, who meantime had come to Alabama, acknowledged notice of these proceedings in writing, and gave her written consent to such adoption. Pending a hearing, Mrs. Harpe, accompanied by an aunt of the child, on the father's side, and a son of this aunt, came to the home of petitioners in Georgia, and under a ruse, took the child out to the automobile to see an uncle, hastily put the child in the car and drove back into Alabama. A few days later, and on the day set for hearing, the superior court entered an order as follows: "Upon consideration of the petition of Charles F. and Mrs. Sophia Kugle, for the adoption of Annie Nell Taylor as their child; and it being made to appear, that Mrs. Erma Harpe, the mother of said minor child, did on July 1, 1936, in writing agree and consent, that said Annie Nell Taylor should be adopted by the said petitioners as their child, as is provided by law; and it further appearing, that said petitioners are suitable persons to have the care, maintenance and support of said minor child; it is ordered, considered and adjudged by the Court, that the prayers of said petitioners be, and the same are hereby granted; and that the said Annie Nell Taylor be, and she is hereby legally adopted as the child of said petitioners; and that henceforth her name shall be "Annie Nell Kugle;" that said minor shall, by virtue of this proceeding and of this order, occupy the relation with said petitioners of child and parents; and to receive, by virtue of such relations, all of the rights she would have and share, were she a natural child of said petitioners. Let this order and the consent of said Mrs. Erma Harpe be entered upon the Minutes of Sumter Superior Court; and that the Clerk of Sumter Superior Court

shall furnish to petitioners a certified copy of this order, as evidence of their adoption of said Annie Nell as their child."

It is further alleged that the mother had given the child to petitioners, and by this and the order of the court aforesaid petitioners had acquired all parental rights in the child, that the taking of the child was a fraudulent and illegal restraint of the freedom of the child and in contravention of the parental rights of petitioners.

 This court does not review the findings of fact by the Court of Appeals. But the holding of the Court of Appeals above copied is, upon issues of law, a holding that the adoption proceedings in Georgia have no legal effect on the issue.

 Full faith and credit should be given the Acts and judicial proceedings of a sister state.

"When a properly authenticated judgment of a sister state is produced and it does not appear from the face of the properly certified transcript that the court was without jurisdiction to render the judgment, the presumption will be indulged prima facie that the court rendering it had jurisdiction to do so." Forbes v. Davis, 187 Ala. 71, 65 So. 516.

 While the statute laws of a sister state must be proven as evidence, the laws of Georgia become so important in the decision of the question of state comity, we deem it a duty to examine the evidence found in the record touching the pertinent laws of Georgia.

 Such laws are part of the law of the case.

Mr. R. L. Maynard qualified as attorney learned in the law on this subject. From his testimony and the statutes and decisions quoted therein, we conclude the following: In Georgia, a parent releases his right of custody and control over the child by "voluntary contract, releasing the right to a third person," or "by consenting to the adoption of the child by a third person." Georgia Civil Code of 1910, § 3021. Lamar v. Harris, 117 Ga. 993, 997, 44 S.E. 866.

The adoption of a child is a judicial proceeding. Among the issues adjudicated is that such adoption is to the interest of the child. When granted, the order establishes all the legal rights and rela-

tions of parent and child, except an adopted father shall never inherit from the child. Georgia Civ.Code 1910, § 3016.

In view of the issues, it adjudicates that the adopting parent is a suitable person to have the care and custody of the child.

By an amendment of 1927 (Acts 1927, p. 142), certain facts must appear from the petition. It further appears that the first order is tentative, and after the child has been in the custody of the new parents for six months, a second hearing must be had, and a final order of adoption be entered or denied. It thus appears these proceedings in the Georgia court are still in fieri.

 In this state of the law, we hold that under the averments of the petition, the superior court of Georgia had jurisdiction of the question of petitioners' fitness to have the custody of this child when it was surreptitiously brought into Alabama.

 The courts of Alabama cannot give sanction to the forcible withdrawal of the child from that jurisdiction, and the assumption of jurisdiction here to determine who should have custody of the child.

 By acts of her mother, she had acquired a domiciliary status in Georgia, at the home of petitioners, for the purpose of adoption with the legal incidents that follow.

 The judge of probate was in error in undertaking, on his own ex parte investigations of the law of Georgia, to declare the adoption proceedings void. This was tantamount to taking judicial notice of the laws of Georgia, disregarding the legal evidence before him on that point.

 The Court of Appeals erred in holding that the issue was simply touching the best interest of the child, whatever be the status of the adoption proceedings.

If the record contains proof of the averments of the petition in that regard, by a duly certified transcript of those proceedings, and proof of the withdrawal of the child from that jurisdiction as averred, the child is due to be returned to the custody of petitioners, the restoration of the status quo, that the Georgia court may proceed as per Georgia law.

· Writ of certiorari is granted and the cause remanded to the Court of Appeals for further procceedings in conformity to this opinion.

Writ granted.

All Justices concur, except KNIGHT, J., not sitting.