77 So.2d 347

### Curtis TARLTON

v.

### Louise A. TARLTON.

6 Div. 799.

Supreme Court of Alabama.

Jan. 13, 1955.

W. S. Pritchard, Jr., Pritchard, McCall & Jones, Birmingham, for appellant.

Chas. Peay and Albert A. Rosenthal, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity. The bill is essentially an original bill in the nature of a bill of review to cancel a decree of divorce because of fraud in its procurement or concoction. The bill also seeks separate maintenance and other relief, but such relief is dependent upon the cancellation of the divorce decree.

The decree appealed from overruled the demurrer generally, without referring to the demurrers addressed to the several aspects which the demurrant construed the bill to encompass. Under our holding in Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, the effect of such a decree is a ruling only on the demurrer to the bill as a whole and hence only grounds going to the bill as a whole, which are sufficiently argued here, will be considered on this appeal. See Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

Decrees entered in divorce cases are subject to vacation and annulment on the same grounds as other decrees and there is no doubt of the general jurisdiction of a court of equity to vacate a decree of a court of competent jurisdiction for fraud: Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33.

To sustain a bill to vacate the judgment or decree of a court of competent jurisdiction for fraud, the bill must allege facts showing that the fraud was in the concoction or procurement of the judgment or decree and must be extrinsic or collateral to the matter which was tried and determined. However, this has been held to include false and fraudulent statements in a bill which were necessary to invoke the power or jurisdiction of the court to render the decree under attack. Hooke v. Hooke, supra.

Under the provisions of §§ 27 and 29, Title 34, Code 1940, it was necessary for the appellant, respondent below, in his suit for divorce filed on June 5, 1945, to allege and prove that he was a bona fide resident (citizen) of the state of Alabama at the time the bill was filed and had been such for twelve months prior thereto, inasmuch as appellee, the respondent in the divorce proceedings, was alleged to have been a nonresident of this state and also because the ground of divorce was her alleged voluntary abandonment of appellant. Hooke v. Hooke, supra, and cases there cited.

The allegations in the bill, admitted on demurrer, that appellant was not a bona fide resident citizen of Alabama at the time he filed his bill for divorce against appellee and had not been such for a period of twelve months prior thereto, but was at the time the bill was filed a resident of the state of South Carolina, shows a fraud on the court in the procurement of the divorce decree within the rule of our decisions. To the same effect are the averments of the bill, admitted on demurrer, relating to the alleged false and fraudulent averments by appellant in his bill for divorce and in the affidavit of nonresidence that he did not know appellee's address. Hooke v. Hooke,

supra; Montgomery **v.** Montgomery, 261 Ala. 416, 74 So.2d 254.

We are of the opinion that the averments of the bill here under review make out a clear case of actual fraud in the procurement or concoction of the said divorce decree and hold, therefore, that the trial court did not err in overruling those grounds of demurrer taking the point that the bill was deficient in that respect.

The decree sought to be vacated was rendered August 18, 1945. The instant proceeding was not instituted until June 11, 1954. We have held that an original bill in the nature of a bill of review should be filed within the period limiting the filing of bills of review. Laney v. Dean, 258 Ala. 37, 61 So.2d 109, and cases cited. Equity Rule 66, Code 1940, Title 7, Appendix, which became effective January 1, 1940, provides in pertinent part as follows: "A bill of review may be filed without first applying for leave, *at any time within three years after the rendition of a decree* which is final as to the right of any party, however he may have come or been brought into court, and whether or not a decree pro confesso was taken against him. * * *" (Emphasis supplied.)

■ But the limitation prescribed by Equity Rule 66 is not arbitrarily applied to original bills in the nature of bills of review where special facts or circumstances are shown which excuse the delay. Laney v. Dean, supra.

Some of the pertinent rules appear in the following quotation from our case of Urquhart v. McDonald, 252 Ala. 505, 42 So. 2d 9, 10:

"* * * The decree sought to be vacated was rendered April 25, 1930. The bill was not filed until 1947. The statute of limitations for a bill of review will, by analogy, be applied to a bill in the nature of a bill of review. It was declared in Quick v. McDonald, 214 Ala. 587, 108 So. 529, 532, that, by analogy of the statute of limitations to bills of review, no special features appearing, the limitation is fixed at three years, *subject to the statute giving one year afer discovery of the*

*fraud.* See also Cassady v. Davis, 245 Ala. 93, 15 So.2d 909.

"It appearing on the face of the bill that it was filed more than three years after the date of the decree sought to be vacated, it was incumbent upon the complainant to allege facts to excuse the long delay in filing the present bill. * * *" (Emphasis supplied.)

■ A complainant seeking to bring himself within the one-year exception has the burden of averment and proof of failure to discover the fraud by the exercise of due diligence. Quick v. McDonald, 214 Ala. 587, 108 So. 529. Among other averments such a bill *must contain* allegations going to show how complainant obtained the information on which the suit to vacate the decree was filed. Urquhart v. McDonald, supra.

■ The complainant alleged that she had no "knowledge, notice or intimation of any kind" concerning the divorce decree of August 18, 1945, until on, to wit, September 11, 1953, when the respondent used said divorce decree as a defense to an action of adultery instituted in the state of South Carolina by the complainant.

Complainant's bill was filed within one year from the date on which she avers she first had knowledge of the alleged fraud and it is sufficiently shown therein how complainant obtained the information concerning the decree of August 18, 1945.

But, as noted above, the complainant had the burden of averment to the effect that her failure to discover the alleged fraud at an earlier date was not due to an absence of due diligence on her part. We think the complainant has met that burden. According to the averments of the bill, neither party has ever lived in this state. Although they lived in different states after their separation in September of 1944, complainant living in New York and the respondent in South Carolina, no fact came to complainant's attention sufficient to promote inquiry as to whether any court of this distant state had rendered a decree purporting to grant her husband a divorce.

See Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70.

We hold that the grounds of demurrer taking the point that the instant bill was not timely filed were overruled without error.

An original bill in the nature of a bill of review must state the decree and proceedings which led to it. Graves v. Brittingham, 209 Ala. 147, 95 So. 542. We are inclined to the opinion that the allegations of the bill in this respect are sufficient. The decree sought to be vacated is made an exhibit to the bill and the proceedings which led up to it are adequately described in the bill. See McDonald v. Pearson, 114 Ala. 630, 21 So. 534.

We find no merit in those grounds of the demurrer directed to the bill as a whole which have been argued here. It follows, therefore, that the decree appealed from must be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.