114 So.2d 242

**William E. TITUS and Olga Voss, as Co-executors,**

v.

**Adeline NIEHEISER.**

4 Div. 998.

Supreme Court of Alabama.

Aug. 20, 1959.

Arthur J. Reid and J. O. Sentell, Jr., Montgomery, for appellants.

J. Pelham Ferrell, Phenix City, for appellee.

MERRILL, Justice.

This appeal is from a decree overruling demurrer to appellee's amended bill of complaint, which is a bill in the nature of a bill of review to set aside a decree of divorce because of fraud in its procurement or concoction.

The bill, as amended, avers that appellee and Harry Nicheiser were married in January, 1952, and that they lived together until February 27, 1957, when he voluntarily abandoned appellee. It is also averred that Harry Nieheiser filed a bill for divorce in Russell County, on March 4, 1957, alleging that he was a bona fide resident of Russell County; that appellee had abandoned him more than a year prior to the filing of the bill, and that they had not lived together as man and wife since that time.

The bill alleges that these statements were false; that appellee was living with ·Nieheiser as his wife until February 27, 1957; that he had never been a resident of Alabama; that an answer to his bill for divorce was filed by an attorney for her; that while appellee feels that the attorney "acted with good and honorable intentions in signing said Answer on her behalf, she, nevertheless avers that she did not at any time knowingly authorize him to act as her Attorney in any capacity, and that she was completely unaware of the divorce proceedings in this Honorable Court until approximately two months after said proceedings were concluded."

It is alleged that a decree of divorce was granted on the testimony of Nieheiser and a witness, both of whom testified falsely and fraudulently, and that the decree was fraudulently obtained without connivance, collusion, knowledge or prior notice on the part of appellee; that upon learning of the fraud, appellee exercised due diligence and acted expeditiously in seeking to have the divorce decree set aside; that she did not acquiesce in the fraud; that she had and has a meritorious defense to the bill for divorce; that she comes into equity with clean hands and offers to do equity.

The bill alleges that appellee is a resident of the State of New York, and that she "never saw, and was never lawfully served with a copy of said bill for divorce, and that she never received notice that such a bill was going to be, or had been, filed as aforesaid."

It was also alleged that Harry Nieheiser died in April, 1958, that he left considerable property and named the respondents the co-executors of his estate.

The bill prays specifically that the decree of divorce be declared null and void.

The first assignment of error is that the court erred in overruling the demurrer to the bill as amended. Under such an assignment, we treat only those grounds of demurrer insisted upon in brief of appellant as having been well taken. Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30;

Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

Specific grounds of demurrer are argued in subsequent assignments of error. Assignment 2 charges that sufficient facts are not alleged to apprise respondents "of when, how and in what manner the complainant first learned of the alleged fraud."

■ This was not necessary in the bill under consideration. A bill of review may be filed within three years after the rendition of the decree. Equity Rule 66, Code 1940, Tit. 7 Appendix. We have held that an original bill in the nature of a bill of review by analogy should be filed within the period limiting bills of review. But the limitation is not arbitrarily applied to original bills in the nature of bills of review where special features or circumstances are shown excusing the delay. Laney v. Dean, 258 Ala. 37, 61 So.2d 109; Quick v. McDonald, 214 Ala. 587, 108 So. 529. Here, the final decree of divorce was rendered on March 5, 1957, and this bill was filed on November 13, 1958. There was no occasion for the complainant, in her bill, to excuse any delay, especially in view of the allegations that she was never served with notice and had no knowledge of the suit until after final decree.

■ Assignments of error 3, 4 and 6 are based on grounds which charge laches or negligence on the part of complainant. The fact that the bill in this cause was filed within three years after the rendition of the decree is sufficient to show that these grounds and the assignments of error based thereon are without merit. Smith v. Smith, 243 Ala. 488, 10 So.2d 664.

■ Assignments of error 7, 9 and 11 are based upon grounds which are commonly denominated speaking demurrers. Speaking demurrers are not permissible under our system of equity pleading. Sumner v. Caldwell, 245 Ala. 568, 18 So.2d 87.

■ Assignment of error 10 is based upon a ground which charges that complainant "is estopped to assert that she has a meritorious and complete defense in the cause of action against her for divorce." Estoppel must be specially pleaded if it does not affirmatively appear from the face of the bill. J. M. Card Lumber Co. v. Ozement, 187 Ala. 237, 65 So. 792; Nelson Realty Co. v. Darling Shop of Birmingham, Inc., 267 Ala. 301, 101 So.2d 78. Estoppel does not affirmatively appear from the face of the bill under consideration.

■ Assignments of error 5, 8 and 12 are patently without merit because of the rule that on demurrer, the allegations of a bill are taken as true.

■ The bill of complaint and the exhibits thereto, including the decree, present a case for equitable relief. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918; Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347. All of these cases hold that where the bill alleged facts showing fraud in the concoction or procurement of the decree of divorce, a demurrer to the bill was properly overruled.

■ We note that the bill is not as full or complete as it might be, but no argued ground of demurrer raises the point, and it is not argued that the bill does not contain equity. Even where there is a general demurrer, it tests only defects in substance and all proper amendments are considered to have been made. Terry v. Town of Hanceville, 268 Ala. 664, 109 So.2d 842; Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Equity Rule 14.

Finding no merit in any of the grounds of the demurrer which are referred to in brief of appellant, we are constrained to affirm the decree of the trial court.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.