275 So.2d 154

Marie Ann ZAJAC

v.

Halina ZAJAC, Individually and as Administrator of the Estate of Bronislaw Walter Zajac, Deceased.

Civ. 61.

Court of Civil Appeals of Alabama.

Dec. 20, 1972.

Rehearing Denied Jan. 17, 1973.

638

Richard H. Gill, Montgomery, for appellant.

Coleman Yarbrough, Montgomery, for appellee.

HOLMES, Judge.

Appellant, Marie Ann Zajac, on the 24th day of May 1972, filed an amended bill of complaint which is a bill in the nature of a bill of review, in the Circuit Court of Winston County, Alabama.

Appellant's bill reveals the following: That she and one Bronislaw Walter Zajac were married in 1930 in Brooklyn, New York, and lived together as man and wife until Bronislaw Walter Zajac died on August 7, 1969; that after Mr. Zajac's death, appellant, as the widow of Mr. Zajac, applied for letters of administration in his estate. This application was made to the Oneida County, New York, Surrogate's Court.

Another person, one Halina Zajac, also applied for letters of administration as the widow of Bronislaw Walter Zajac and in connection therewith offered a divorce decree rendered by the Circuit Court of Winston County, Alabama, wherein Bronislaw Walter Zajac and one "Mary" Ann Zajac (appellant) were divorced, Bronislaw Walter Zajac being the complainant and Mary Ann Zajac being the respondent in said divorce action. This divorce decree was rendered by the court in Winston County on July 14, 1961. Halina Zajac further offered a marriage certificate evidencing a marriage between herself and Bronislaw Walter Zajac, dated April 12, 1968.

Appellant's petition further alleges that neither she nor Bronislaw Walter Zajac were ever residents of Alabama and that she never knowingly signed any answer and waiver or other appearance in the Alabama divorce proceeding and never came to Alabama; that if the signature on the answer and waiver is genuine, it was obtained by fraud. She further alleges she received no property, alimony, or child support from the divorce.

Allegations of appellant's petition are further that she and Bronislaw Walter Zajac lived together as husband and wife until his death and she knew nothing of Halina Zajac; that appellant did not discover the fraud practiced upon her by Bronislaw Walter Zajac until the surrogate hearing.

The petition further states that the Surrogate's Court of Oneida County, New York, found that Halina Zajac was the lawful widow of Bronislaw Walter Zajac and, therefore, was entitled to letters of administration. (A copy of the New York surrogate's court decree is attached to appellant's petition in the Circuit Court of Winston County and made a part thereof.)

Appellant, by her bill, petitioned the Circuit Court of Winston County to set aside the divorce decree of July 14, 1961, in that said decree was procured by fraud.

To appellant's petition a demurrer was filed. This demurrer was sustained and

appellant's petition was dismissed. Appellee's demurrer, among other matters, contends the following:

1. The complaint is brought more than three years after the rendition of the original divorce decree.

2. The New York surrogate's court decree is *res judicata*.

3. The complaint was not filed within the time provided by Equity Rule 66.

From the sustaining of demurrer and dismissal of the petition, appellant brings this appeal pursuant to Tit. 7, § 756, Code of Alabama 1940.

■ At the outset, we note that the allegations of the bill in equity must be taken as true on demurrer. 8A, Ala.Dig., Equity, ⊜239.

The legal entanglement as presented by this appeal results from what has been described as a "quickie divorce." Such divorces in Alabama are in large measure a thing of the past, but unfortunately, their memories linger on.

It is necessary to this opinion to set out in detail certain portions of the decree of the surrogate's court of New York which are as follows:

"The validity of the decedent's marriage to Halina Zajac depends entirely on the validity and effect of the Alabama divorce. That foreign divorce is here being questioned or attacked by a party to that decree. Collateral attack in New York State Courts upon a foreign divorce decree by one who had appeared on that proceeding and submitted herself to the jurisdiction of the court of that state, will not be permitted. . . . An exception is made to such a collateral attack by a party to the foreign divorce proceeding when proof is to be given to show that the party's appearance in that action was obtained by fraud or deceit so as to render the appearance a nullity. The fraud must be one practiced upon the party whereby that party was induced to submit to the jurisdiction of the court in the foreign state. . . .

"There is no claim by Anna Mary Zajac that she was induced into executing the answer and waiver through fraud or deceit. She denies ever signing the answer and waiver, although she admits the signature looked like hers. The jurisdiction of the Alabama court rests upon the fact that she executed this appearance. This court is, therefore, left with only a question of fact to determine. Did Anna Mary Zajac sign the answer and waiver? She denied the execution of that paper and denied meeting or talking with attorney Rabenstein. She denied ever going to his law office and denied meeting the witness, Eichler. Such denials contradict the testimony of an experienced and long practicing member of the bar. In evaluating such conflicting testimony, the court may consider the interest or lack of interest of the witness in the present litigation. The court is free to judge the appearance of the witness, the manner of testifying and the readiness of the witness to answer questions fully, openly and truthfully in all respects, while under oath.

"When the evidence is thus considered, the court is convinced that Anny Mary Zajac *did execute the answer and waiver as related by the witness Rabenstein, and at that time, was fully aware of the significance of such papers and their import.* [Emphasis ours]

"The recital of the disinterested attorney concerning events taking place some eight years ago make his a far more plausible and convincing story than that presented by the testimony of Anna May [sic] Zajac.

"The court finds that she did appear as a party to the Alabama divorce proceeding, submitted herself to the jurisdiction of the Alabama Court and cannot now be heard to collaterally attack the decree rendered in that matter.

"The divorce being valid, decedent was free to marry a second time, which he did, on April 12, 1968 at Amsterdam, New York. The spouse by that latter marriage is petitioner Halina Zajac, to whom this court will issue letters of administration.

"Decreed Accordingly."

From the above it is clear that the New York court found appellant to have participated in the Alabama divorce proceeding and at the time of her participation was fully aware of the significance and import of her actions in executing an answer and waiver.

Mr. Justice Merrill, in Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, stated that our supreme court has consistently held bills of review or bills of that nature good when it was shown that a fraud had been perpetrated on the court and a party, citing Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33; Montgomery v. Montgomery, 261 Ala. 416, 74 So.2d 254; Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347. Mr. Justice Merrill seems to further indicate that one who participates in a fraud upon a court would then be estopped by his own faudulent conduct to have standing before the court, citing Levine v. Levine, 262 Ala. 491, 80 So.2d 235. However, the above must be read in light of certain language contained in Winston v. Winston, 276 Ala. 303, 161 So.2d 588, wherein the court stated:

"The clean hands maxim has its limitations. We have said that although guilty of a wrong or transgression of the law in one particular, a party does not become an outlaw, or forfeit his right to legal protection in all others, nor lay himself open to frauds and machinations of others to be practiced and perpetrated against him with impunity. Equity will consider the conduct of the adversary, the requirements of *public policy* and the relation of the misconduct to the subject matter and to the defendant. . . ." (276 Ala. at 305, 161 So.2d at 589, 590)

It must, however, be noted that the facts and the time within which the actions were commenced in *Hartigan, Levine* and *Winston, supra,* are distinguishable from the case now before us.

The New York surrogate's court, as seen above, specifically found that the appellant here executed an answer and waiver in the Alabama divorce proceeding and at such time was fully aware of the significance of her act; i. e., she participated in the fraud perpetrated on the Alabama court.

This court finds that the action by the New York court is conclusive as to the fact of appellant's participation in the Alabama divorce proceeding and is *res judicata* as to that fact and entitled to full faith and credit under art. IV, § 1, of the Constitution of the United States of America. Art. IV, § 1, of the Constitution of the United States of America, reads in pertinent part as follows:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and *Judicial Proceedings* of every other State. . . ." [Emphasis added]

■ Full faith and credit should be given judicial proceedings of a sister state. Kugle v. Harpe, 234 Ala. 494, 176 So. 617.

■ This court judicially knows that the surrogate's court of New York State is a judicial proceeding of such nature as is entitled to full faith and credit.

■ A judgment rendered by a court having jurisdiction of the parties and subject matter is conclusive and indisputable evidence as to all rights, questions or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties even though the subsequent proceedings are on a different cause of action. Any right, fact, or matter in issue, and directly adjudicated on, or necessarily involved in the determination of an action before a competent court in which a judgment is

rendered on the merits is conclusively settled by the judgment and cannot again be litigated between the parties whether or not the claim or demand, purpose, or subject matter of the two suits is the same. 50 C.J.S. Judgments § 712.

As Mr. Justice Lawson stated in Ashurst v. Preferred Life Assur. Soc. of Montgomery, 282 Ala. 119, 209 So.2d 403:

"The general principle is well established that an existing final judgment, decree or other final adjudication rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties or their privies in all other actions in the same or any other tribunal of concurrent jurisdiction *on the points and matters in issue and adjudicated in the first suit.* [Citations omitted]" (282 Ala. at 126, 127, 209 So.2d at 408, 409)

See also Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795.

The Supreme Court of Alabama, in Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302, said in part:

"It has been said in essence that the doctrine of res judicata is generally broader than the determination of the question directly involved in the prior action, and the prior judgment extends to all questions falling within the scope of the original action, . . ." (254 Ala. at 607, 49 So.2d at 310)

■ From the record as presented to this court it is apparent that a fact determined by the New York surrogate's court and adjudicated is again a fact in controversy between the same parties; i. e., the question of appellant's participation in the Alabama divorce proceeding and its import.

In view of the above it is seen that the appellant participated in the fraud upon the Alabama court in the original divorce proceeding in 1961 and was necessarily aware of such fraud at that time.

It must now be determined what effect this participation has on the matter now before us.

■ Equity Rule 66, Code of Alabama 1940, provides in pertinent part as follows:

"A bill of review may be filed without first applying for leave, at any time within three years after the rendition of a decree. . . ."

The limitation prescribed by Equity Rule 66 is not arbitrarily applied to original bills in the nature of bills of review [such as we have here] where special facts or circumstances are shown which excuse the delay.

However, such a bill should be filed within three years. See Laney v. Dean, 258 Ala. 37, 61 So.2d 109.

As the Supreme Court of Alabama said in Tarlton v. Tarlton, *supra:*

"Some of the pertinent rules appear in the following quotation from our case of Urquhart v. McDonald, 252 Ala. 505, 42 So.2d 9, 10:

" '* * * The decree sought to be vacated was rendered April 25, 1930. The bill was not filed until 1947. The statute of limitations for a bill of review will, by analogy, be applied to a bill in the nature of a bill of review. It was declared in Quick v. McDonald, 214 Ala. 587, 108 So. 529, 532, that, by analogy of the statute of limitations to bills of review, no special features appearing, the limitation is fixed at three years, *subject to the statute giving one year after discovery of the fraud.* See also Cassady v. Davis, 245 Ala. 93, 15 So.2d 909.' "

(262 Ala. at 70, 77 So.2d at 350)

■ Again, to the point of redundancy, there are no special facts or circumstances to justify the delay as none are presented in the petition other than a fraud being committed upon appellant which, as seen above, is inappropriate as it was found that

appellant participated with full awareness of the significance and import.

Here, in this instance, we therefore hold, in light of the above, since the bill is brought more than ten years after the original decree it is barred by Equity Rule 66 and interpretations thereof.

The above holding in no way impinges on the well settled rule that the Alabama courts have no jurisdiction over the marital status of the parties if neither was domiciled in Alabama and that such jurisdiction could not be conferred on the court even with the parties' consent.

Under the facts of this case as set out above, the trial court was not in error in sustaining appellee's demurrer and dismissing the petition.

All assignments of error being considered, the trial court's ruling is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.