278 So.2d 367

**William Frank BAILEY**

v.

**Mary Myrtle BAILEY.**

**Clv. 108.**

Court of Civil Appeals of Alabama.

April 11, 1973.

Rehearing Denied May 9, 1973.

Barnett, Tingle & Noble, Birmingham, for appellee.

John W. Cooper, Birmingham, for appellant.

HOLMES, Judge.

Appellant, William Frank Bailey, on the 10th day of July 1972, filed a bill of complaint, which is described as a bill in the nature of a bill of review, in the Circuit Court of Jefferson County. A demurrer to

this bill was sustained on August 31, 1972. On September 12, 1972, the bill was amended and again the grounds of demurrer of appellee were sustained, and from this action by the trial court an appeal to this court was taken.

From appellant's bill and excellent briefs of able counsel for appellant and appellee we discern the facts before us, necessary to this appeal, are as follows:

Appellant and appellee were married to each other in 1955. At the time of the parties' marriage the appellant was married to another woman who was at that time and presently is confined at Bryce Hospital. In 1964, the appellee filed suit for divorce against the appellant in Jefferson County. A divorce was granted and appellant was ordered to pay alimony to appellee. No appeal was taken from that decree.

In March of 1972, the appellant apparently attempted to modify the divorce decree of 1964. In his attempt to modify, the appellant was unsuccessful. From the trial court's ruling denying appellant's petition for modification an application for rehearing was filed and at this time the appellant made known to the court his previous marriage and contended there could have been no valid marriage to appellee.

Again, the appellant was not successful as the court denied the application for rehearing.

Appellant, in his amended bill in the nature of a bill of review, alleges that all parties to this proceeding were aware of appellant's prior marriage, which had not been terminated by legal proceedings or death, at the time of the divorce in 1964. He further alleges that this fact was made known to the court at the time of the divorce in 1964.

Appellant, by his bill in the nature of a bill of review, prayed that the trial court issue an order declaring the marriage between the appellant and appellee void and further prayed that the court set aside the divorce decree of 1964.

Appellee's grounds of demurrer, among other grounds, are that there is no equity in the bill; that the appellant is guilty of laches; and the bill is barred by virtue of the statute of limitations.

■ At the outset, we note that the allegations of a bill in equity must be taken as true on demurrer. 8A Ala.Dig., Equity, ☞239.

The parties initially and on this appeal, and the trial court have treated the appellant's bill as a bill in the nature of a bill of review; we also will so accept the proposition that it is a bill in the nature of a bill of review.

■ Equity Rule 66, Code of Alabama 1940, provides in pertinent part as follows:

"A bill of review may be filed without first applying for leave, at any time within three years after the rendition of a decree. . . ."

The limitation prescribed by Equity Rule 66 is not arbitrarily applied to original bills in the nature of bills of review [such as we have here] where special facts or circumstances are shown which excuse the delay.

However, such a bill should be filed within three years. See Laney v. Dean, 258 Ala. 37, 61 So.2d 109.

As the Supreme Court of Alabama said in Tarlton v. Tarlton, 262 Ala. 67, 70, 77 So.2d 347, 350:

"Some of the pertinent rules appear in the following quotation from our case of Urquhart v. McDonald, 252 Ala. 505, 42 So.2d 9, 10:

"' * * * The decree sought to be vacated was rendered April 25, 1930. The bill was not filed until 1947. The statute of limitations for a bill of review will, by analogy, be applied to a bill in the nature of a bill of review. It was declared in Quick v. McDonald,

214 Ala. 587, 108 So. 529, 532, that, by analogy of the statute of limitations to bills of review, no special features appearing, the limitation is fixed at three years, *subject to the statute giving one year after discovery of the fraud.* See also Cassady v. Davis, 245 Ala. 93, 15 So.2d 909.' "

See also Zajac v. Zajac, 49 Ala.App. 637, 275 So.2d 154 (1972) (cert. den. March 15, 1973).

 There are no special facts or circumstances presented to this court to justify the delay as none are presented in the petition. To the contrary, it is shown that appellant married appellee; that they lived as man and wife for nine years; that he participated in some manner in a divorce proceeding; that he attempted to modify the divorce decree. The facts of his own marital status were certainly within his knowledge and we can perceive no excuse for the delay in filing such a bill as we now have before us and, certainly, none is presented.

Appellant contends that because of a still existing marriage, the second marriage was void and nil, not giving rise to a marital status or res that could be brought before the court and, therefore, relying on Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725, the court was without jurisdiction to grant a divorce in 1964 and thus the divorce should be set aside. The Alabama Supreme Court, referring to Hartigan, *supra,* in Multer v. Multer, 280 Ala. 458, 462, 195 So.2d 105, 108, stated:

"That case is not authority for the proposition that all divorces will be set aside on the ground of 'no jurisdiction.' . . . Other factors will be considered, such as . . . the diligence of such party. . . ."

Therefore, in this instance, we hold that since the bill in the nature of a bill of review is brought more than sixteen years after the "marriage" of the parties and nine years after the divorce of the parties, it is barred by Equity Rule 66 and interpretations thereof. To do otherwise would completely void the intent and meaning of Equity Rule 66 and would overrule cases cited herein above interpreting the rule. We have neither the power nor inclination to so rule.

As seen from the above, at least one of the grounds of demurrer sustained by the trial court to the bill is well founded, to wit, the bill comes too late. The trial court's judgment sustaining the separate grounds of demurrer of the appellee was general, merely sustaining the demurrer without specifying any one of the numerous grounds assigned. If any ground of the demurrer interposed separately by defendant was good, the judgment sustaining the demurrer must be affirmed. Battles v. Pierson Chevrolet, Inc., 290 Ala. 98, 274 So.2d 281 (1973).

All assignments of error being considered, the trial court's ruling is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.